```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
IN RE WORLDCOM, INC. SECURITIES          :    MASTER FILE
LITIGATION                               :    02 Civ. 3288 (DLC)
                                         :
This Document Relates to:                :
                                         :
-----------------------------------------X
                                         :
                                         :    MEMORANDUM OPINION
WILLIAM K. HOLMES, HOLMES CAPITAL, LLC,  :         AND ORDER
BREW DOG, LLC, BIMINI STAR, LLC, and     :
EBH INVESTMENTS CO., LLC,                :
                                         :
                Plaintiffs,              :
         -v-                             :
                                         :    No. 04 Civ. 8308
JACK B. GRUBMAN, and CITIGROUP GLOBAL    :
MARKETS INC. F/K/A SMITH BARNEY & CO.,   :
INC.                                     :
                                         :
                Defendants.              :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiffs William K. Holmes,
Holmes Capital, LLC, Brew Dog, LLC,
Bimini Star, LLC, and EBH Investments
Co., LLC:

David L. McGee
Peter J. Mougey
Jack W. Lurton, III
Beggs & Lane, LLP
P.O. Box 12950
Pensacola, FL 32591

Joseph J. Burton, Jr.
Burton & Armstrong, LLP
Two Raviana Drive
Suite 1750
Atlanta, GA 30346

For Defendants Jack B. Grubman and
Citigroup Global Markets Inc. f/k/a
Smith Barney & Co., Inc.:

Martin London

Richard A. Rosen
Brad S. Karp
Eric S. Goldstein
Walter Rieman
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

and

Peter K. Vigeland
Wilmer Cutler Pickering Hale and Dorr
LLP
399 Park Avenue
New York, NY 10022

DENISE COTE, District Judge:

In connection with the fourth tranche of motions to dismiss filed in the WorldCom Securities Litigation, defendants Jack B. Grubman ("Grubman") and Citigroup Global Market Inc. F/k/a Smith Barney & Co., Inc. ("Citigroup") move to dismiss in its entirety the action filed by William K. Holmes and entities which he controls. The Holmes plaintiffs seek recovery under Georgia's securities statute and Georgia common law for their decision to hold WorldCom securities based on the defendants' failure to reveal a conflict of interest which distorted their investment advice. For the following reasons, the defendants' motion is granted with leave to amend.

## Background

The relevant history of the WorldCom Securities Litigation is described in inter alia In re WorldCom, Inc. Sec. Litig., 02

Civ. 3288, 04 Civ. 0232, slip op. (S.D.N.Y. Mar. 22, 2006); In re WorldCom, Inc. Sec. Litig., 388 F. Supp. 2d. 319 (S.D.N.Y. 2005). Each of these Opinions is incorporated by reference.

On June 23, 2003, approximately a year after WorldCom's announcement of its fraud rocked financial markets, the plaintiffs filed this action in the United States Bankruptcy Court for the Middle District of Georgia, the court adjudicating Holmes' bankruptcy. The case was transferred to this Court and consolidated for pre-trial purposes with the Securities Litigation. The plaintiffs moved for permission to file a second amended complaint ("Complaint") dated December 2, 2004.[1] Their request was granted by Order dated December 22, 2004, and it is to that pleading that this motion is addressed.

The Complaint alleges that on June 25, 1999, a Citigroup stockbroker convinced Holmes, by referring to Grubman's June 25 research report concerning WorldCom[2], not to sell the 2.1 million shares of WorldCom stock owned by Holmes and the entities that he controlled. Grubman was Citigroup's premier telecommunications analyst. At that time, the stock was trading in excess of $92 per share. Relying on that advice, Holmes withdrew his order to sell WorldCom stock and continued to hold those shares into late

---

[1] Plaintiffs' motion was unopposed.

[2] While the Complaint refers only vaguely to the research reports concerning WorldCom to which the stockbroker referred on June 25, 1999, it does list in a later section of the Complaint a June 25, 1999 research report authored by Grubman in which he recommends buying WorldCom stock.

2000, when the shares were sold involuntarily to meet margin calls. Holmes asserts losses approaching $200 million.

The Complaint describes purchases of shares from 1986 through 1990, long before any alleged fraud is alleged to have occurred. It also refers to purchases in 1999, including perhaps a purchase of an unidentified number of shares after June 25, 1999.

The Complaint asserts that Grubman and the stockbroker failed to disclose that Grubman and Citigroup had a conflict of interest that infected their investment advice concerning WorldCom. Drawing liberally from allegations contained in the class action complaint filed in the WorldCom <u>Securities Litigation</u>, the Complaint describes an accounting fraud at WorldCom and Grubman's close relationship with WorldCom executives. It asserts that Citigroup wanted WorldCom investment banking business and to obtain that business fooled the public into believing that WorldCom was a prudent investment. Most of the Complaint concerns activities occurring and investment advice given long after the June 25, 1999 conversation between Holmes and the stockbroker.[3]

The parties dispute the extent to which the Complaint is seeking damages for anything other than Holmes' decision to hold WorldCom securities. Most of the Complaint refers to Holmes

---

[3] It should be noted that in the WorldCom class action, the class period began on April 29, 1999, and the 1999 financial statements were the first financial statements filed by WorldCom that were alleged to be fraudulent.

4

decision to hold and not sell the WorldCom stock. The fraud claim is explicitly premised on that theory, as is every other claim but the claim pleaded under Georgia's securities statute. The securities statute claim pleads that the plaintiffs suffered injuries as a result of their purchase of WorldCom stock after June 25, 1999.

## Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The purpose of this requirement is to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). "The complaint thus need not set out in detail the facts upon which the claim is based." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir. 2005) (citation omitted). If it is clear, however, that "no relief could be granted under any sets of facts that could be proved consistent with the allegations," the claim should be dismissed. Swierkiewicz, 534 U.S. at 514. In construing the complaint, the court must "accept all factual allegations in the complaint as true and draw inferences from

those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

"The Rules do establish more demanding pleading requirements for certain kinds of claims." Twombly, 425 F.3d at 107. These claims, including fraud, must "be stated with particularity." Rule 9(b), Fed. R. Civ. P. To comply with the requirements of Rule 9(b), an allegation of fraud must specify: "(1) those statements the plaintiff thinks were fraudulent, (2) the speaker, (3) where and when they were made, and (4) why plaintiff believes the statements to be fraudulent." Koehler v. Bank of Bermuda (New York) Ltd., 209 F.3d 130, 136 (2d Cir. 2000).

The Complaint pleads six causes of action. They are fraud, breach of fiduciary duty, negligent misrepresentation, negligence, a violation of Georgia Blue Sky laws, and breach of contract.

For reasons explained in two Opinions issued in the Securities Litigation, Holmes' tort claims under Georgia law must be dismissed to the extent that they assert damages based on the plaintiffs' decision to hold their WorldCom securities instead of selling those securities. See In re WorldCom, Inc. Sec. Litig., 02 Civ. 3288, 04 Civ. 0232, slip op. (Mar. 22, 2006); In re WorldCom, Inc. Sec. Litig., 336 F. Supp. 2d 310 (S.D.N.Y. 2004). Given this ruling, it is unnecessary to address the other arguments raised by the defendants in their motion to dismiss these claims.

The plaintiffs acknowledge that a "holder" claim is not actionable under Georgia's securities statute, but assert that they bring that claim solely in connection with their purchase of additional WorldCom securities after June 25, 1999. Despite the defendants' complaint in their moving papers that the pleading does not identify under which provision of the statute the plaintiffs are proceeding, the plaintiffs still do not identify the provision in their opposition to this motion.

The breach of contract claim asserts liability premised on facts directly at odds with those asserted in the Complaint. It seeks damages because the stockbroker failed to execute a sell order;[4] the Complaint asserts that Holmes withdrew his sell order because he was convinced to do so by the broker's bullish recommendations concerning WorldCom. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir 1995) (In the context of a motion to dismiss, "[g]eneral, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint."). The breach of contract claim suffers from other infirmities as well. The plaintiffs do not identify any provision or provisions of a contract that were

---

[4]The defendants point out that the plaintiffs ratified any failure to sell securities when they did not complain after their next month's account statements showed that the WorldCom stock remained in their portfolio. That affirmative defense is not a ground for dismissal of a complaint.

breached by the defendants.[5] Instead, they refer to an implied duty of good faith and fair dealing. Without an adequate pleading of a breach of a term of a contract, plaintiffs may not plead a breach of the implied duty of good faith and fair dealing. See <u>Stuart Enters. Intl. v. Peykan, Inc.</u>, 555 S.E.2d 881, 884 (Ga. Ct. App. 2001); see also <u>Alan's of Atlanta, Inc. v. Minolta Corp.</u>, 903 F.2d 1414, 1429 (11th Cir. 1990); <u>Interland, Inc. v. Bunting</u>, No. 1:04-CV-444-ODE, 2005 WL 2414990, at *2 (N.D.Ga. Mar. 31, 2005); <u>HLD Enters. v. Michelin N. Am., Inc.</u>, No. Civ. A.1:03 CV 2558 T., 2004 WL 2095739, at *3 (N.D.Ga. June 29, 2004).

The plaintiffs do not request an opportunity to amend their pleading. Nonetheless, because it appears that plaintiffs may be able to cure some of the deficiencies in their pleading, they will be permitted to file a third amended complaint. The amended complaint may not add new defendants or new causes of action. That pleading must identify with specificity any purchases of WorldCom stock after June 25, 1999, on which plaintiffs intend to rely in pressing any of their claims. To the extent they wish to pursue a claim under Georgia's securities statute, they must identify the specific provision they seek to enforce. To the extent they believe they can file a breach of contract claim that is consistent with the factual assertions in their pleading, they must identify the provision of the contract that was breached.

---

[5]The plaintiffs do not oppose the motion by Grubman to dismiss the breach of contract claim pleaded against him.

8

They should address to the extent that they are able to do so the other deficiencies in the Complaint to which the defendants refer in their motion papers since they will be given no further opportunity to amend their pleading to cure those deficiencies. The plaintiffs will not be permitted to replead any tort claim seeking recovery on the ground that the plaintiffs held their WorldCom securities based on the defendants' conduct or advice.

## Conclusion

The breach of contract claim against Grubman is dismissed with prejudice. The remaining claims are dismissed without prejudice to repleading in a third amended complaint filed by April 21, 2006.

SO ORDERED:
Dated: New York, New York
March 24, 2006

DENISE COTE
United States District Judge